UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
Southern Division

CARIN HARRIS,

    Plaintiff

vs.

MAGNUM HEALTH AND REHAB OF
ADRIAN, LLC,

    Defendant.
_____/

Case No. 13-CV-1124

HON. GORDON J. QUIST

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION**

Caroline A. Grech-Clapper, Esq.
SECREST WARDLE
2600 Troy Center Drive
P.O. Box 5025
Troy, MI 48007-5025
Phone: (248) 539-2843
Fax: (248) 538-1223
cgrech@secrestwardle.com
*Attorneys for Defendant Magnum Health
and Rehab of Adrian, LLC*

# DEFENDANT MAGNUM HEALTH AND REHAB OF ADRIAN, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Magnum Health and Rehab of Adrian, LLC ("Defendant"), by its undersigned counsel of record, submits this Motion to Dismiss, with prejudice, regarding all claims alleged against Defendant, as set forth in the Complaint. Specifically, Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6, for failure to state a claim upon which relief may be granted, as Plaintiff was never employed by Defendant.

In support of this motion, Defendant relies upon the statement of facts, authorities, and argument set forth in the accompanying Memorandum and its attachments, including the accompanying Affidavit of Defendant's representative, Alicia Dietrich.

As required by Local Rule, Defendant's counsel has sought from Plaintiff's counsel concurrence in the relief sought herein and because such concurrence is not forthcoming, this motion is necessary.

November 4, 2013                                     Respectfully submitted,


                                                     */s/ Caroline A. Grech-Clapper*_____
                                                     Caroline A. Grech-Clapper, Esq.
                                                     Secrest Wardle
                                                     2600 Troy Center Drive
                                                     P.O. Box 5025
                                                     Troy, MI 48007-5025
                                                     Phone: (248) 539-2843
                                                     Fax: (248) 538-1223
                                                     cgrech@secrestwardle.com
                                                     *Attorneys for Defendant Magnum Health and Rehab of Adrian, LLC*

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## TABLE OF CONTENTS

Statement of Issues Presented ……………………………………………………………………ii

Controlling Authority………………………………………………………….………...……iii

Table of Authorities…………………………………….…………………………………....iv

Introduction…………………………………………………………………………………....1

Argument……………………………………………………………………………………….1

Conclusion……………………………………………………………………………………...3

## STATEMENT OF ISSUES PRESENTED

In this Motion, Defendant moves to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6), for failure to state a claim:

1. Whether the *Iqbal/Twombly* pleading requirements apply to Plaintiff's Complaint?

    **Defendant's Answer:** Yes

2. Has Defendant provided any evidence that Plaintiff was not employed by Defendant?

    **Defendant's Answer:** Yes.

## **CONTROLLING AUTHORITY**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. See *Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations and emphasis omitted). See also *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims (2) matters of which a court may take judicial notice (3) documents that are a matter of public record and (4) letters that constitute decisions of a government agency. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007). However, where a claim relies upon existence of a written agreement, as it does in this case and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003).

## TABLE OF AUTHORITIES

**CASES**

*Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994)……………………….iv

*Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*,
502 F.3d 545, 548 (6th Cir. 2007)…………………………………………………………………..iv

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)…………………………...………………………iv, 1

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)………………………………………….iv, 1

*QQC, Inc. v. Hewlett-Packard Co.*,
258 F. Supp. 2d 718 (E.D. Mich. 2003)…………………..………………………………….iv

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007)……………………………….iv, 2

**RULES**

Fed. R. Civ. P. 8(a)(2)…………………………………………………………………………..1

Fed. R. Civ. P 12(b) …………………………………………………………………………….. 1

I.     **Introduction**

Plaintiff Carin Harris ("Plaintiff") has filed a one count complaint against Defendant Magnum Health and Rehab of Adrian, LLC ("Defendant") alleging damages based on Defendant's alleged failure to notify Plaintiff of group health benefits under the Consolidated Omnibus Budget Reconciliation Act ("COBRA").  However, for the reasons set forth herein, specifically that Plaintiff is not, nor has she ever been an employee of Defendant, nor has Defendant ever provided Plaintiff any benefits, wherein Defendant would be liable for damages to Plaintiff under 29 U.S.C. 1132(c).  Therefore, Plaintiff's Complaint against Defendant must be dismissed as a matter of law, with prejudice, as to Defendant.

II.    **Argument**

The Court may dismiss a complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion under Rule 12(b)(6), is to test the sufficiency of the complaint, not to decide the merits of the case. It is well established that a complaint need not set forth in detail all of the particularities of the plaintiff's claim. Fed. R. Civ. P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not, however, "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). While legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations. *Id*. The Supreme Court has indicated that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949; see also *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("[A] formulaic recitation of the elements of a cause of action" is insufficient).

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The requisite facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility requirement is not the same as a "probability requirement," but instead "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Examining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

It is well settled that in ruling on a motion to dismiss, the Court may consider the complaint, as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims; (2) matters of which a court may take judicial notice; (3) documents that are a matter of public record; and (4) letters that constitute decisions of a government agency. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007). However, where a claim relies upon existence of a written agreement, as it does in this case (i.e., the written request for information required under the very statute upon which Plaintiff bases its case), and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003).

Plaintiff's Complaint must be dismissed as a matter of law, as Defendant never employed Plaintiff, nor provided Plaintiff any insurance benefits. Plaintiff brings her Complaint, which contains only one count, under 29 U.S.C. 1132(c), which places a penalty on an employer's

failure to comply with its statutory duty to respond to written requests for information. However, pursuant to the Affidavit of Alicia Dietrich, Defendant's Human Resource Director which is attached hereto as **Exhibit A**, Defendant (i) never employed Plaintiff and (ii) never provided Plaintiff with any insurance benefits (Dietrich Affidavit, ¶4-5).

As Defendant never employed nor ever provided the Plaintiff any insurance benefits, Defendant would have no duty, as a matter of law, to comply with a request for information about Plaintiff's eligibility for COBRA benefits, when Defendant did not employ Plaintiff or provide any benefits to Plaintiff that would make Defendant liable for damages pursuant to 29 U.S.C. 1132(c). Consequently, Plaintiff's complaint does not and cannot set forth a viable cause of action against Defendant, as there was never privity of any kind between Plaintiff and Defendant (contractual of otherwise) that would give rise to any duty or breach thereof. Therefore, dismissal is required as a matter of law.

### III. Conclusion

Based on the foregoing, Plaintiff's Complaint must be dismissed against Defendant as a matter of law, as Defendant never employed Plaintiff, nor ever provided Plaintiff with any insurance benefit that would subject Defendant to damages under 29 U.S.C. 1132(c). Consequently, Defendant respectfully requests this Honorable Court enter an Order dismissing Plaintiff's Complaint against Defendant with prejudice, and any other additional relief this Court deems just.

November 4, 2013 	Respectfully Submitted,


	*/s/ Caroline A. Grech-Clapper* _____
	Caroline A. Grech-Clapper, Esq.
	SECREST WARDLE
	2600 Troy Center Drive
	P.O. Box 5025
	Troy, MI  48007-5025
	Phone: (248) 539-2843
	Fax: (248) 538-1223
	cgrech@secrestwardle.com
	*Attorneys for Defendant Magnum Health and Rehab of Adrian, LLC*


## **CERTIFICATE OF SERVICE**

	I hereby certify that on November 4, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.


	*/s/ Caroline A. Grech-Clapper* _____
	Caroline A. Grech-Clapper, Esq.


## **SERVICE LIST**

Ina R. O'Briant, Esq.
P.O. Box 197
Mason, MI 48854
(517) 676-5188
*Attorney for Plaintiff*

*2436899_1.DOC*

4